# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br>    Plaintiff(s),<br>v.<br>TERRY LAW GROUP PC, et al.,<br>    Defendant(s). | Case No.: 2:19-cv-01972-KJD-NJK<br>**ORDER**<br>(Docket No. 28) |

Pending before the Court is the parties' proposed discovery plan. Docket No. 28. The presumptively reasonable discovery period is 180 days, measured from the date of the first appearance of any defendant. Local Rule 26-1(b)(1). Defendant Antonia Bonacci filed her answer to the complaint on May 11, 2020, *see* Docket No. 20; therefore, the discovery cut-off is measured from that date—not June 24, 2020. Thus, by proposing a discovery cut-off of March 22, 2021, the parties seek a discovery period of 315 days—not 270 days. *See* Docket No. 28 at 2.

The parties submit that an extended discovery period is warranted for three reasons. First, Defendants Terry Law Group and Zoe Terry have not yet appeared in this case and will soon file an answer. *Id.* Second, Plaintiff submits that it "anticipates" having to depose Defendants, and Defendants submit that they "anticipate" having to depose Plaintiff and co-parties. *Id.* Moreover, Plaintiff submits that, "to the extent depositions are relevant or necessary," they must occur "at Plaintiff's principal place of business in Richmond, Virginia or by remote means," and Defendants submit that they are unsure of "the place and means of depositions." *Id*. at 3. Finally, the parties submit that the "pandemic has significantly disrupted plaintiff's and counsel's ability to conduct business" and that, if the depositions "cannot be taken remotely, the parties anticipate significant

interstate travel to complete discovery, and such travel will have to be deferred to the end of 2020." *Id.*

The Court finds that the parties' reasons do not constitute a need for special scheduling. It is not unusual that, in cases with more than one defendant, all defendants do not appear in the case at the same time. Indeed, Local Rule 26-1(b)(1) recognizes that very reality by measuring the presumptively reasonable discovery period from "the date the first defendant" appears. Just as unavailing, the parties' anticipated needs to depose each other or other parties are, as framed by the parties, only speculative. Moreover, even if the parties do in fact need to take depositions, it is at this point unclear whether they can occur remotely and thus avoid any delay. Finally, though the Court is sympathetic to the challenges of practicing law during the pandemic, the parties must make a specific, non-speculative showing that the presumptively reasonable discovery period is impracticable.

Accordingly, the Court **DENIES** without prejudice the parties' proposed discovery plan. Docket No. 28. An amended discovery plan must be filed by July 7, 2020. If special scheduling review is sought, a specific showing must be made as to why the presumptively reasonable deadlines should not apply based on the particular circumstances of this case. Otherwise, the parties must include the default deadlines, properly calculated from May 11, 2020.

IT IS SO ORDERED.

Dated: July 2, 2020

Nancy J. Koppe
United States Magistrate Judge

2